# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

CHRIS A. BELTON,

               Defendant.

Case No. 3:03-cr-00126-SLG-2

## NOTICE OF INTENT TO DISMISS

On May 7, 2019, Chris A. Belton filed a *pro se* Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in the District Court for the Central District of California.[1]  On December 19, 2019, the District Court for the Central District of California recharacterized Mr. Belton's petition as a motion pursuant to 28 U.S.C. § 2255 and transferred the case to the District of Alaska.[2]  This Court has reviewed Mr. Belton's Petition, the Respondent's Motion to Dismiss, Magistrate Judge John D. Early's Report and Recommendation, and District Judge Michael W. Fitzgerald's Order and agrees with that order that the

---

[1] Docket 230.

[2] Docket 14 of Case No. 3:19-cv-000321-SLG.

original Petition has been properly recharacterized as a 28 U.S.C. § 2255 motion and has been properly transferred to the District of Alaska.[3]

Mr. Belton's § 2255 motion seeks to vacate the sentence imposed in District of Alaska Case No. 3:03-cr-00126. The Ninth Circuit dismissed Mr. Belton's direct appeal on March 13, 2006.[4] Thus, his § 2255 motion must have been filed by June 2007 to meet the applicable statute of limitations.[5] Mr. Belton did not file his motion until May 2019, nearly 12 years beyond the applicable statute of limitations.

Mr. Belton asserts he falls within an exception to that time limitation. His § 2255 motion raises a single claim for relief: that his prior drug convictions no longer qualify as "serious drug offenses" after two Ninth Circuit cases—*United States v. Crawford* and *United States v. Lee*—were issued in 2008 and 2012, respectively.[6] Mr. Belton asserts that those cases establish that his prior convictions are no longer considered "serious drug offenses." Therefore, he maintains that he should not have been subject to the career offender enhancement pursuant to the U.S. Sentencing Guidelines.[7] The Court construes Mr. Belton's motion to assert that

---

[3] Dockets 1, 5, 13, and 14 of Case No. 3:19-cv-000321-SLG.

[4] Docket 201 (Order in *United States v. Belton*, Ninth Circuit case no. 06-30004).

[5] 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the [90 day] time for seeking such review expires.").

[6] *United States v. Crawford*, 520 F.3d 1072 (9th Cir. 2008) (overruled on other grounds by *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019)) and *United States v. Lee*, 704 F.3d 785 (9th Cir. 2012).

[7] Docket 230 at 8–11.

3:03-cr-00126-SLG-2, *United States v. Belton*
Notice of Intent to Dismiss
Page 2 of 4

because the Ninth Circuit did not issue *Crawford* and *Lee* until 2008 and 2012, he could not have raised his current claim within the one-year statute of limitations.[8] Having reviewed those decisions, the Court agrees with the reasoning of Magistrate Judge John D. Early, who determined that Mr. Belton

> was not precluded from arguing that the categorical approach of *Taylor [v. United States*, 495 U.S. 575 (1990)] precluded the use of his convictions to support a career offender enhancement at the time of his direct appeal or within the time a Section 2255 motion was permitted. Neither *Crawford* nor *Lee* announced a new legal basis for Petitioner's claims; rather *Crawford* and *Lee* merely applied *Taylor*'s holding in a manner consistent with *Taylor.*[9]

Accordingly, there is nothing about the Ninth Circuit's decisions in *Crawford* or *Lee* that serves to restart or delay the statute of limitations.[10] Moreover, even if the issuance of *Crawford* or *Lee* had restarted the statute of limitations, Mr. Belton's § 2255 motion would have been due within one year of the issuance of those opinions, but it was not filed until 2019.[11] The Court finds that Mr. Belton's § 2255 motion is untimely.

In light of the foregoing, the Court intends to dismiss Mr. Belton's § 2255 motion in both this case and in civil Case No. 3:19-cv-00321 as untimely **30 days**

---

[8] Docket 230 at 8–10.

[9] Docket 13 of Case No. 3:19-cv-000321-SLG at 7–8.

[10] *See* 29 U.S.C. § 2255(f)(3) ("The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

[11] 29 U.S.C. § 2255(f)(3).

3:03-cr-00126-SLG-2, *United States v. Belton*
Notice of Intent to Dismiss
Page 3 of 4

**from the date of this order without further notice to him** unless prior to that date Mr. Belton files a response to this notice that provides justification as to why the Court should address the merits of the § 2255 motion at this time.[12]

DATED this 17th day of January, 2020, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[12] This case also presents an additional issue that will be mooted by the dismissal of the § 2255 motion: Mr. Belton currently has an appeal of Case No. 3:03-cr-00126 pending before the Ninth Circuit (Ninth Circuit Case No. 19-30267). The Ninth Circuit has instructed that "a district court should not entertain a habeas corpus petition while there is an appeal pending." *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991). Although Mr. Belton's direct appeal and his § 2255 motion challenge different aspects of his case, he has not demonstrated that his case presents "'extraordinary circumstances' [that] outweigh the considerations of administrative convenience and judicial economy" that would justify the Court considering his collateral motion while a direct appeal is pending. *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981).

3:03-cr-00126-SLG-2, *United States v. Belton*
Notice of Intent to Dismiss
Page 4 of 4