**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHRIS A. BELTON,               Case No. 3:03-cr-00126-SLG

        Defendant.

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court at Docket 239 is Defendant Chris A. Belton's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e). The Government did not file a response. At Docket 242 the U.S. Probation Office for the District of Alaska prepared a memorandum indicating that the Probation Office defers to the Court regarding early termination of supervised release.

On December 6, 2005, Mr. Belton was sentenced to 248 months' imprisonment and five years of supervised release after he pled guilty to drug conspiracy and possessing a firearm in furtherance of drug trafficking.[1] On April 23, 2023, Mr. Belton began his term of supervised release.[2] Mr. Belton's term of supervised release is set to expire on April 12, 2028.[3]

---

[1] Docket 190 at 1-3; Docket 225 at 1-3.

[2] Docket 242 (SEALED) at 1.

[3] Docket 242 (SEALED) at 2.

Pursuant to 18 U.S.C. § 3583(e), a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[4] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The Introductory Commentary to United States Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed, the appropriate length of supervised release and its terms. With an individualized assessment, a "court can 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'"[5]

---

[4] 18 U.S.C. § 3583(e).

[5] U.S. Sent'g Comm'n Guidelines Manual Ch.5, Pt.D, intro. comment. (Nov. 2025) (quoting S.

Case No. 3:03-cr-00126-SLG, *United States v. Belton*
Order on Motion for Early Termination of Supervised Release
Page 2 of 4

Case 3:03-cr-00126-SLG    Document 243    Filed 04/15/26    Page 2 of 4

Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

Mr. Belton contends that the Court should terminate his supervised release term early because he has successfully completed two years of supervised release without issue,[6] he competed his GED and RDAP while incarcerated, he is an active member of the community, he has maintain stable housing and employment since his release to a halfway house in 2022, he has maintained his sobriety for over 20 years, and he has strong familial relationships.[7]

The Probation memorandum confirms that Mr. Belton has "established a stable residence, obtained employment and maintained sobriety."[8]  Further, Probation notes that Mr. Belton has "remained in communication with probation, provided all negative drug tests and had no reported violations while on supervised release."

The Court has considered the applicable § 3553(a) factors.  Mr. Belton's criminal history and the underlying offense in this case are very serious.  However, Mr. Belton's criminal sentence and three years on supervised release, as well as

---

Rep. No. 98-225, at 54 (1983)).

[6] The Court notes that Mr. Belton filed his motion in June 2025.  It appears that Mr. Belton has successfully completed an additional 10 months on supervised release—totaling nearly three years—without issue as of the issuance of this Order.  *See* Docket 242 (SEALED) at 2 (noting that Mr. Belton has completed three years of his five-year term of supervised release).

[7] Docket 239 at 1, 4-5.

[8] Docket 242 (SEALED) at 1.

Case No. 3:03-cr-00126-SLG, *United States v. Belton*
Order on Motion for Early Termination of Supervised Release
Page 3 of 4

the treatment provided by RDAP, has evidently deterred him from further criminal activity and violence.  Mr. Belton has performed well on supervision; he has strong ties to the community and support from his family members; and he has established stable housing and employment.  The Court also finds that there is no further need to provide Mr. Belton with training or treatment, to protect the public, or to provide restitution.

Therefore, Defendant's Motion for Early Termination of Supervised Release at Docket 239 is **GRANTED**.

DATED this 15th day of April 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:03-cr-00126-SLG, *United States v. Belton*
Order on Motion for Early Termination of Supervised Release
Page 4 of 4
Case 3:03-cr-00126-SLG     Document 243     Filed 04/15/26     Page 4 of 4